UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------ x
FREDERICK JONES,

                     Plaintiff,

             - against -

US DEPARTMENT OF HOUSING AND URBAN
DEVELOPMENT; NYC DEPARTMENT OF HOUSING
PRESERVATION AND DEVELOPMENT; NYC
HOUSING PRESERVATION AND DEVELOPMENT
DIVISION OF CODE ENFORCEMENT; ALLEN
AFFORDABLE HDFC,

                     Defendants.
------------------------------------------------------------------ x

**MEMORANDUM & ORDER**

11 CV 0846 (RJD)(JMA)

DEARIE, District Judge.

     This matter is <u>pro se</u> plaintiff's fourth lawsuit in just over six years against some combination of the same three defendants—United States Department of Housing and Urban Development ("HUD"), New York City Department of Housing Preservation and Development ("HPD"),[1] and community based not-for-profit, Allen Affordable HDFC ("Allen Affordable")—alleging violations of federal and state law arising out of the same underlying housing issue. Plaintiff now alleges an assortment of claims, many of which have already been—or could have been—litigated in past proceedings, but some of which purportedly pertain to new violations of plaintiff's rights under the Fair Housing Act ("FHA"), 42 U.S.C. § 3601, <u>et seq.</u>, False Claims Act ("FCA"), 31 U.S.C. §§ 3729–3733, the Equal Protection and Due Process Clauses of the Fourteenth Amendment, and various state laws and regulations. Plaintiff also alleges that the

---

[1] HPD's Division of Code Enforcement, a named defendant, is a subdivision of HPD. HPD, in turn, is a non-suable agency of the City of New York. <u>See</u> N.Y.C. Charter § 396 ("All actions and proceedings for the recovery of penalties for the violation of any law shall be brought in the name of the city of New York and not in that of any agency, except where otherwise provided by law."). Because plaintiff is proceeding <u>pro se</u>, the Court will construe plaintiff's complaint against HPD as a claim against the City of New York, yet still refer to HPD as such.

federal law violations give rise to claims under 41 U.S.C § 1983 ("Section 1983"). Before the Court presently are HPD's motion to dismiss for failure to state a claim upon which relief may be granted and HUD's motion to dismiss for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1), (6). For the reasons set forth below, HPD's and HUD's motions are granted in their entirety. Although Allen Affordable did not move to dismiss, the Court <u>sua sponte</u> dismisses all claims brought against it.

## I. BACKGROUND

Familiarity with the general factual backdrop of this case is assumed given the number of lawsuits filed by this plaintiff against these same defendants relating to the same underlying property.[2]

In brief, plaintiff is the last remaining tenant in a building that was slated in 2006 for rehabilitation by HPD and Allen Affordable pursuant to a federal grant program administered by HUD. <u>See</u> ECF Docket # 1, Complaint ("Compl.") ¶ 4. Rehabilitation has since been stalled both because of plaintiff's refusal to relocate during renovations, as well as his ongoing complaints against defendants HPD and Allen Affordable relating to poor living conditions at his property. Plaintiff once again seeks federal court intervention to remedy his housing difficulties. Plaintiff's

---

[2] In 2006, plaintiff sued HUD, HPD, and Allen Affordable in the Southern District of New York for their failure to provide adequate relocation assistance and comply with federal and state housing laws. Judge Loretta Preska first granted HUD's and HPD's motions to dismiss under Rules 12(b)(1) and 12(b)(6), and later granted Allen Affordable's motion for summary judgment. <u>See</u> Jones v. Dep't of Hous. Preserv. & Dev., No. 06 Civ. 2085(LAP), 2007 WL 582751 (S.D.N.Y. Feb. 22, 2007); Jones v. Dep't of Hous. Preserv. & Dev., No. 06 Civ. 2085(LAP), 2008 WL 5155725 (S.D.N.Y. Dec. 8, 2008). Plaintiff then sought relief in 2008 in New York Supreme Court against HPD, making new and additional allegations concerning HPD's failure to comply with federal, state, and local laws with regard to the property's inclusion in the Neighborhood Redevelopment Program ("NRP"), but the petition was dismissed as time-barred. <u>See</u> Jones v. Dep't of Hous. Preserv. & Dev., Index No. 1059/08 (N.Y. Sup. Ct. May 22, 2008). Finally, plaintiff brought an action in 2009 before this Court, raising claims against HPD and Allen Affordable regarding the distribution of federal funds relating to the property's inclusion in the NRP, the termination of plaintiff as superintendent of the building, and again, HPD's enforcement of the New York City Housing Maintenance Code. This Court granted HPD and Allen Affordable's motions to dismiss under Rules 12(b)(1) and 12(b)(6). <u>See</u> Jones v. Dep't of Hous. Preserv. & Dev., No. 09-CV-2104 (RJD)(LB), 2010 WL 3942996 (E.D.N.Y. Sept. 30, 2010).

present complaint is long on legal conclusions and short on facts. The thrust of plaintiff's complaint seems to be that his current "substandard living conditions" are the result of intentional discrimination by defendants HPD and Allen Affordable. The claims against HUD generally pertain to the federal agency's alleged failure to ensure that HPD and Allen Affordable comply with applicable HUD regulations and the FHA. Plaintiff does not allege discrimination on the part of HUD.

## II. DISCUSSION

HPD moves to dismiss under Federal Rule of Civil Procedure 12(b)(6). In deciding such a motion, the Court "must accept as true all of the factual allegations set out in plaintiff's complaint, draw inferences from those allegations in the light most favorable to plaintiff, and construe the complaint liberally." Gregory v. Daly, 243 F.3d 687, 691 (2d Cir. 2001). "A pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (internal quotation marks omitted). HUD has moved to dismiss under Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction. "After [c]onstruing all ambiguities and drawing all inferences in a plaintiff's favor, a district court may properly dismiss a case for lack of subject matter jurisdiction under Rule 12(b)(1) if it lacks the statutory or constitutional power to adjudicate it." Aurecchione v. Schoolman Transp. Sys., Inc. 426 F.3d 635, 638 (2d Cir. 2005) (internal citations and quotations omitted) (modification in original). As with 12(b)(6) motions, when adjudicating Rule 12(b)(1) motions the court holds pro se litigants "to less stringent standards." See Erickson, 551 U.S. at 94.

Allen Affordable has not moved to dismiss. A "district court has the power to dismiss a complaint sua sponte for failure to state a claim so long as the plaintiff is given notice and an

opportunity to be heard." <u>Wachtler v. Cnty. of Herkimer</u>, 35 F.3d 77, 82 (2d Cir. 1994) (affirming <u>sua</u> <u>sponte</u> dismissal of defendant who never appeared or moved for dismissal where plaintiff was given notice that other defendants were moving to dismiss and had responded with an opposition memorandum) (internal quotations and citations omitted). <u>Sua</u> <u>sponte</u> dismissal is appropriate where, as here, plaintiff's claims against a non-appearing defendant, Allen Affordable, parallel those claims made against an appearing defendant, HPD. <u>See Hecht v. Com. Clearing House, Inc.</u>, 897 F.2d 21, 26 n. 6 (2d Cir. 1990) ("<u>Sua</u> <u>sponte</u> dismissal of the complaint with respect to [non-appearing defendant] is appropriate here, because the issues concerning [non-appearing defendant] are substantially the same as those concerning the other defendants, and [plaintiff] . . . had notice and a full opportunity to make out his claim against [non-appearing defendant]."); <u>Rodriguez v. Mt. Vernon Hosp.</u>, No. 09 Civ. 5691(GBD)(JLC), 2011 WL 3874814, at *2 (S.D.N.Y. Sept. 2, 2011) (Daniels, J.) (dismissing claim <u>sua</u> <u>sponte</u> where claims against private defendant "ar[o]se out of the same conduct that underl[ay] [plaintiff's] claim against the State Defendants").

    A. Claims Against HPD and Allen Affordable Barred by Res Judicata

    Under the doctrine of <u>res judicata</u>, "[a] final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." <u>Legnani v. Alitalia Linee Aeree Italiane, S.p.A.</u>, 400 F.3d 139, 141 (2d Cir. 2005) (internal quotations omitted). Accordingly, all of plaintiff's claims against HPD and Allen Affordable pertaining to plaintiff's termination as building superintendent are barred because they either were, or could have been raised before this Court in plaintiff's 2009 lawsuit. <u>See</u> Compl. ¶¶ 13, 15, 28. It is immaterial that plaintiff has restyled his termination allegations as claims under the Vietnam Era Veteran's Readjustment Assistance Act of 1974. <u>See id.</u> ¶¶ 15, 28.

4

"Even claims based upon different legal theories are barred provided they arise from the same transaction or occurrence." Cieszkowska v. Gray Line New York, 295 F.3d 204, 205 (2d Cir. 2002) (internal quotations omitted). Likewise, plaintiff's claim that HPD, through its attorney, made a false statement in a proceeding before Judge Preska in the course of litigating plaintiff's first case in 2006, Compl.¶ 14, could also have been raised in plaintiff's complaint before this Court in 2009. Plaintiff's claim against Allen Affordable for improperly "attempt[ing] to evict plaintiff and residents," id. ¶ 25, is also barred because it could have been raised at any of plaintiff's earlier proceedings.

Though a close call, the remainder of plaintiff's claims against HPD and Allen Affordable are not barred by res judicata. Liberally construing pro se plaintiff's complaint, this Court finds that the regulatory violations and current living conditions complained of are the result of allegedly new episodes of discriminatory conduct. See Waldman v. Vill. of Kiryas Joel, 207 F.3d 105, 113 (2d Cir. 2000) ("[R]es judicata will not bar a suit based upon legally significant acts occurring after the filing of a prior suit that was itself based upon earlier acts.") (emphasis in original). Mindful that application of res judicata "must be given a flexible, common-sense construction that recognizes the reality of the situation," Interoceanica Corp. v. Sound Pilots, Inc., 107 F.3d 86, 91 (2d Cir.1997), plaintiff's remaining claims are not barred by res judicata. They are, however, barred for failure to state a claim upon which relief may be granted.

B. Non-barred Claims Against Defendants HPD and Allen Affordable

1. Fair Housing Act

Plaintiff makes various allegations that the Court reads to concern HPD and Allen Affordable's "fail[ure] to assure the plaintiff . . . will receive and enjoy the benefits, services and

entitlements pursuant to the [FHA]." Compl. ¶ 18. Specifically, plaintiff alleges that HPD and Allen Affordable have sanctioned "substandard living conditions" at his residence, including lack of heat, hot water, a working refrigerator, and lighting, id. ¶¶ 9-11, have failed to enforce the NYC Housing Maintenance Code at his residence, id. ¶¶ 22-24, 26, and have failed to comply with HUD federal regulations with regard to his residence.[3] Id. ¶¶ 12, 17, 27-28. Although plaintiff does not cite to any specific provision of the FHA, the one provision bearing on plaintiff's claims provides:

> [I]t shall be unlawful . . . [t]o discriminate against any person . . . in the provision of services or facilities in connection [with the "sale or rental of a dwelling"] because of race, color, religion, sex, familial status, or national origin.

42 U.S.C. § 3604(b). Plaintiff's mere legal conclusion that HPD and Allen Affordable have "intentionally deprived plaintiff . . . [of] benefits, goods, services, and entitlements, and due process protections based on race, color, disability, age, veteran status, and class" is insufficient to survive a motion to dismiss under Rule 12(b)(6). Compl. ¶¶ 20, 30.

It is true that an "[FHA] violation can be established without proof of discriminatory intent." Huntington Branch, N.A.A.C.P. v. Town of Huntington, 844 F.2d 926, 935 (2d Cir. 1988), aff'd, 488 U.S. 15 (1988). Indeed, "[a] plaintiff in stating a claim under the FHA need allege only discriminatory effect . . . ." Soules v. U.S. Dep't of Hous. & Urban Dev., 967 F.2d 817, 822 (2d Cir. 1992) (internal quotations omitted). To make out a "disparate treatment" claim[4]

---

[3] Plaintiff has no independent authority to sue HPD or Allen Affordable for violations of HUD regulations. The FHA does, however, expressly provide a private right of action to any "aggrieved person . . . to obtain appropriate relief with respect to . . . [a] discriminatory housing practice or breach." 42 U.S.C. § 3613. A "discriminatory housing practice," in turn, is defined, in part, as "an act that is unlawful under section 3604," 42 U.S.C. § 3602(f), which, as will be described infra, requires proof of at least discriminatory treatment.
[4] This is decidedly not a case involving a claim of "disparate impact," where "[a] plaintiff alleges that an entire class or category of minorit[ies] . . . are adversely affected by [a] . . . facially neutral policy . . . ." Hudson v. Int'l Bus.

6

under Section 3604(b) of the FHA, however, plaintiff would still ultimately be required to meet the burden-shifting framework set forth by the Supreme Court in in <u>McDonnell Douglas Corp. v. Green</u>, 411 U.S. 792 (1973), which at the very least would demand an allegation of "differential treatment of similarly situated persons or groups." <u>Huntington</u>, 844 F.2d at 933; <u>see Robinson v. 12 Lofts Realty, Inc.</u>, 610 F.2d 1032, 1037-38 (2d Cir. 1979) (adopting Title VII <u>McDonnell</u> test for disparate treatment claims under the FHA). Although plaintiff is not required to satisfy this <u>prima facie</u> burden at the pleading stage, <u>see Swierkiewicz v. Sorema N.A.</u>, 534 U.S. 506, 510 (2002), any disparate treatment claim will ultimately fail because plaintiff is the <u>only</u> remaining tenant in his dwelling. Under no circumstance will plaintiff be able to make the minimal required showing under the FHA "that a member of a statutorily protected class was . . . not provided the same 'services or facilities in connection [with the sale or rental of a dwelling]' made available to others under circumstances giving rise to a reasonable inference of prohibited discrimination."[5] <u>Estrella v. Sucuzhanay</u>, No. 10–CV–3650 (NGG)(LB), 2011 WL 5156285, at *3 (E.D.N.Y. Oct. 28, 2011) (Garaufis, J.) (quoting 42 U.S.C. § 3604(b)).

What is more, plaintiff's own filings submitted to this Court—previously and with regard to the instant action—belie his claims of being singled out or treated differently on a discriminatory basis by defendants HPD or Allen Affordable. Plaintiff appended to his instant complaint communications from HPD regarding heat and hot water issues, which show that HPD has, in fact, been responsive to plaintiff's complaints: in late 2010, HPD even issued violations and instituted a lawsuit against Allen Affordable in response to plaintiff's complaints. <u>See</u>

---

<u>Machines Corp.</u>, 620 F.2d 351, 355 (2d Cir. 1980). In individual "disparate treatment" actions like this one, the particular plaintiff "must establish that he has been discriminated against." <u>Id.</u>

[5] Nor has plaintiff alleged or identified "a comparator" outside of his residence "against which his own treatment should be judged." <u>Bunn v. City of Poughkeepsie</u>, No. 10 Civ. 2297(PAE), 2012 WL 1621563, at *3 (S.D.N.Y. May 9, 2012) (Engelmayer, J.).

Compl. at pgs. 18-19. Moreover, in plaintiff's 2009 complaint, plaintiff stated that prior to relocation, the residents of the subject property were "African American, Latinos and [individuals of] European decent . . . [and] seniors, disabled, and children." 09-CV-2104, ECF Docket # 1, Complaint ¶¶ 7-8. Plaintiff's 2009 complaint alleged improper treatment on the part of HPD and Allen Affordable against all of these concededly diverse tenants, without regard to background or status. See generally id. The fact that defendants' action or inaction now happens to disproportionately impact plaintiff is plaintiff's own doing, and not the result of discriminatory animus: Mr. Jones decided to stay put while all of the other tenants agreed to be relocated by the city pending the building's rehabilitation, a process which has long been stalled by plaintiff's hold-out status.

Plaintiff's FHA claims against HPD and Allen Affordable, therefore, are dismissed for failure to state a claim for relief.

### 2. False Claims Act

Plaintiff alleges that HPD and Allen Affordable violated the FCA. Compl. at 1. To plead a violation of the FCA, the plaintiff "must show that defendants (1) made a claim, (2) to the United States government, (3) that is false or fraudulent, (4) knowing of its falsity, and (5) seeking payment from the federal treasury." Mikes v. Straus, 274 F.3d 687, 695 (2d Cir. 2001). To this end, plaintiff makes three separate allegations, all of which are conclusory and without merit.

First, plaintiff claims that HPD's alleged role in allowing for "substandard living conditions . . . constitutes Fraud [sic] and false certification." Compl. ¶¶ 9-12. Absent from this particular claim, however, is any allegation that HPD "made a claim." Second, plaintiff claims that both HPD and Allen Affordable "failed to file a [sic] annual reports [sic] to Secretary of

Labor [sic] regarding compliance with Affirmative action programs for disabled veterans . . . ." Id. ¶¶ 15, 28. Again, plaintiff alleges that this "conduct constitutes fraud and false certification." Id. ¶¶ 16, 29. Here too there is no allegation that any claim was made; to the contrary, the complaint itself alleges that HPD and Allen Affordable "failed to file . . . annual reports." Id. ¶ 15, 28 (emphasis added). Third and lastly, plaintiff claims that "HPD and Allen Affordable . . . continue to apply and request money from the U.S. treasury, while failing to submit accurate certifications pre requisites, [sic] This [sic] is fraud and false certification to fraud the government." Id. ¶ 31. HPD correctly points out that the complaint is devoid of "any allegation concerning what form the alleged misrepresentation took, when it occurred, who made it, to whom it was made, or even how the alleged misrepresentation related to claims for funds relating to HPD's Neighborhood Redevelopment Project." ECF Docket # 20, HPD Memorandum in Support of Motion to Dismiss at 13. This claim must be dismissed because it fails to satisfy even the forgiving notice pleading standards of Rule 8, let alone the heightened pleading standards set forth in Federal Rule of Civil Procedure 9(b). See Gold v. Morrison-Knudsen Co., 68 F.3d 1475, 1476-78 (2d Cir. 1995) (holding that FCA claims must comply with Rule 9(b)).

### 3. Equal Protection

Plaintiff's complaint can also be read to allege a violation of the Equal Protection Clause of the Fourteenth Amendment, ostensibly predicated upon differential treatment based on "race, color, disability, age, veteran status, and class," Compl. ¶ 20. This claim must be dismissed as a matter of law because plaintiff has failed adequately to allege that a "government actor intentionally discriminated against him on the basis of his race." Brown v. City of Oneonta, 221 F.3d 329, 337 (2d Cir. 2000). As discussed supra, Part II.B.1, plaintiff cannot even satisfy the lesser standards required to make out a "disparate treatment" claim.

### 4. Procedural Due Process

Plaintiff's complaint may also be read to claim a violation by the HPD of his procedural due process rights. See Compl. ¶ 20 ("HPD has intentionally deprived plaintiff . . . [of] due process protections . . . ."). Where, as here, plaintiff alleges state action that is not the "result of some established state procedure," Parratt v. Taylor, 451 U.S. 527, 541, 543 (1981), overruled on other grounds by Daniels v. Williams, 474 U.S. 327 (1986), but rather the result of "random, unauthorized conduct," a post-deprivation remedy "is all the process the State can be expected to provide, and is constitutionally sufficient." Zinermon v. Burch, 494 U.S. 113, 115 (1990). Assuming—without deciding—that plaintiff has suffered a deprivation of a property interest as a result of state action in this case, plaintiff's procedural due process claims must be dismissed as a matter of law because of the availability—and adequacy—of an Article 78 proceeding under New York State law to address a tenant's claims of building mismanagement. See Katz v. Klehammer, 902 F.2d 204, 207 (2d Cir. 1990) ("To the extent that the Housing Law and state and city regulations compel the supervising and other city officials to perform certain acts, Article 78 may thus serve to enforce such requirements when officials fail to fulfill these obligations.") (citing N.Y. C.P.L.R. 7801 (McKinney 1981)).

### 5. Section 1983

"It is well settled that § 1983 does not create any new substantive rights, but merely provides a federal cause of action for violations of certain federal rights." Mrs. W. v. Tirozzi, 832 F.2d 748, 754 (2d Cir. 1987). Because I have already concluded that plaintiff has failed to allege a viable claim of any violation of any federal law, plaintiff's claims under Section 1983 are dismissed as a matter of law.

C. Claims Against HUD

Plaintiff alleges that HUD "failed to require," per agency regulations, HPD and Allen Affordable "to submit a [sic] annual performance report" and a filing concerning analysis, improvement, and record-keeping to HUD. Compl. ¶¶ 5-6, 8. Plaintiff further claims that by making grants to HPD and Allen Affordable, HUD violated its own regulations, which allow for grantmaking "only if grantees make" the above-stated submissions. Compl. ¶ 8. Plaintiff additionally alleges broader failures on the part of HUD to "enforce compliance with the FHA and related authorities" and "to take appropriate actions to overcome the effects of impediments" to the redevelopment project that has plagued plaintiff's residence. Compl. ¶¶ 6-7. All of these claims, however, must be dismissed for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1).

While it is true that the Administrative Procedures Act ("APA"), which plaintiff invokes in his complaint, Compl. at pg. 1, waives the sovereign immunity of the United States and provides a statutory right of judicial review to plaintiffs "suffering legal wrong because of agency action," 5 U.S.C. § 702, the APA only allows suits to remedy agency action[6] when "there is no other adequate remedy in a court." 5 U.S.C. § 704. As already discussed, supra note 3, the FHA expressly provides for a private right of action in federal court against the alleged perpetrators of discriminatory practices. 42 U.S.C. § 3613. Accordingly, several courts in and outside of this circuit have ruled that the FHA provides an "other adequate remedy in a court," barring judicial review under the APA. See, e.g., Marinoff v. U.S. Dep't of Hous. & Urban Dev., 892 F. Supp. 493, 497 (S.D.N.Y. 1995) (adopting report and recommendation), aff'd 78 F.3d 64 (2d Cir. 1996); Turner v. Sec'y of the U.S. Dep't of Hous. & Urban Dev., 449 F.3d 536, 540 (3d

---

[6] See 5 U.S.C. § 551(13) ("[A]gency action includes . . . failure to act") (emphasis added); 5 U.S.C. § 701(b)(2) ("'[A]gency action' ha[s] the meaning[] given [to it] by section 551 of this title").

Cir. 2006); Godwin v. Sec'y of Hous. & Urban Dev., 356 F.3d 310, 312 (D.C. Cir. 2004) (per curiam). Here, plaintiff can—and indeed has—brought his action directly against the actual alleged perpetrators of housing discrimination under the FHA. Bringing an action against HPD and Allen Affordable—whether or not relief is ultimately granted—"is not only sensible but is also fully consistent with-and in some cases even necessary to-the orderly enforcement of the statute." Cannon v. Univ. of Chi., 441 U.S. 677, 705-06 (1979) (interpreting Title IX). Because plaintiff "ha[s] an adequate alternative legal remedy against someone else" the Court "may not . . . entertain the claim against the agency . . . ." N.Y.C. Emp. Ret. Sys. v. S.E.C., 45 F.3d 7, 14 (2d Cir. 1995). Plaintiff's APA claim against HUD is, therefore, dismissed for lack of subject matter jurisdiction.

D. Pendant State Law Claims

Plaintiff brings an assortment of state law claims against HPD and Allen Affordable. As all parties are domiciled in New York State, the Court cannot exert diversity jurisdiction pursuant to 28 U.S.C. § 1332. Because I have dismissed all of plaintiff's claims under federal law, the Court no longer retains jurisdiction over the matter and any potential state law claims are hereby dismissed without prejudice. United Mine Workers of Am. v. Gibbs, 383 U.S. 715, 726 (1966); 28 U.S.C. § 1367(c)(3).

E. Leave to Amend

Although leave to amend "should [be] freely give[n] . . . when justice so requires," Fed. R. Civ. P. 15(a)(2), and "particularly . . . where the complaint is filed by a pro se litigant," Narumanchi v. Fed. Emergency Mgmt. Agency, 201 F.3d 432, 432 (2d Cir. 1999) (Table), the Court is unwilling to afford plaintiff a fifth bite at the apple. The Court is not insensitive to the clear emotional toll that the city's intended rehabilitation project has taken on Mr. Jones. In the

12

words of the great American poet, Maya Angelou: "The ache for home lives in all of us, the safe place where we can go as we are and not be questioned." Mr. Jones seems sincerely concerned about change and fearful that his home, his own "safe place," might be improperly taken from him. The Court appreciates this concern and expects that the city and all parties involved in the rehabilitation of his residence will move forward expeditiously and professionally so that Mr. Jones, and all of the residents who have now been displaced for years, can return home to adequate and safe housing. This will only be able to happen, however, if Mr. Jones allows the authorities to do their job.

Plaintiff's repetitive and meritless filings have taken up valuable time, resources, and energy and have only served to delay that which plaintiff ultimately seeks. Plaintiff should be aware that the Court is empowered to issue "an injunction prohibiting [plaintiff] from filing future complaints . . . without first obtaining permission from a judge" of the federal court in which such future complaint may be filed and/or to impose sanctions, including monetary penalties. See Malley v. N.Y.C. Bd. of Educ., 112 F.3d 69, 69 (2d Cir. 1997) (affirming district court's issuance of injunction barring repetitive proceedings); Maduakolam v. Columbia Univ., 866 F.2d 53, 56 (2d Cir. 1989) (holding that Rule 11 sanctions "appl[y] both to represented and pro se litigants"). The Court will refrain from taking such action for now, but enough is enough. Mr. Jones would be well-advised to limit his submissions to this or any other Court.

13

### III. CONCLUSION

HPD's and HUD's motions to dismiss are granted in their entirety. Plaintiff's claims against defendant Allen Affordable are dismissed <u>sua sponte</u>. All of plaintiff's federal law claims are dismissed with prejudice. Plaintiff's pendant state law claims are dismissed without prejudice.

SO ORDERED.

Dated: Brooklyn, New York
     May 25, 2012

s/ Judge Raymond J. Dearie

RAYMOND J. DEARIE
United States District Judge

14